# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**DAVID LEE JESSIE**                                                                                       **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 1:14CV-P31-M**

**SHELBY DIXON** *et al.*                                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff David Lee Jessie filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss the official-capacity claims but allow the individual-capacity claims to proceed.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at the Hart County Detention Center (HCDC). He sues HCDC Officers Shelby Dixon and James Gossett in their individual and official capacities. Plaintiff alleges that on several occasions Defendants Dixon and Gossett have threatened him with mace and taser guns if he did not stop asking to go to church. He also alleges that he has been denied the right to go to church or have a Bible, although other prisoners are allowed. He states that Defendant Dixon has called him a "honky and cracker and spit into my food." Finally, he asserts that he has seen several inmates assaulted by Defendants and that "I've been threatend by these same officers! I feel like my life is in danger!" As relief, Plaintiff seeks monetary and punitive damages.[1]

---

[1] As discussed later in the opinion, the Court also broadly construes, as it must, the complaint as seeking injunctive relief in the form of safety/protection from Defendants.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

# III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although Plaintiff did not specify the violation of a federal right, the Court construes the complaint as alleging a First Amendment retaliation claim (threats of mace/taser gun for seeking to go to church); a First Amendment free-exercise claim (denial of church and a Bible); and Eighth Amendment duty-to-protect claims (fear of being maced/tased and fear of assault due to threats and verbal abuse).

### A. *Official-capacity claims*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Dixon and Gossett, therefore, are actually against Hart County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not identify a municipal policy or custom that was the moving force behind his injuries. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Consequently, the official-capacity claims against Defendants Dixon and Gossett must be dismissed.

### B. Individual-capacity claims

Upon consideration, the Court will allow the First Amendment retaliation and free-exercise claims and the Eighth Amendment safety/protection claims to proceed against Defendants Dixon and Gossett in their individual capacities. In the relief section, Plaintiff indicates that he seeks monetary and punitive damages, but because he also alleges threats of harm by Defendants and a fear for his life, the Court also construes the complaint as seeking injunctive relief in the form of protection and safety from Defendants.

### IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against Defendants Dixon and Gossett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the First Amendment retaliation and free-exercise claims and the Eighth Amendment safety/protection claims shall proceed against Defendants Dixon and Gossett in their individual capacities for damages and injunctive relief. In permitting these claims to proceed, the Court passes no judgment on the merit and ultimate outcome of the action. A separate Scheduling Order will be entered to govern the continuing claims.

Date: March 29, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
     Hart County Attorney
4414.005